IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 1221122 ONTARIO LIMITED, d/b/a KEYTECH WATER MANAGEMENT, | ) ) ) | |
| Plaintiff, | ) ) | No. 10 C 4942 |
| v. | ) ) | |
| TCP WATER SOLUTIONS, INC., WAYNE BEATH, and GARY PETERS, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff, Keytech Water Management ("Keytech" or "Plaintiff"), has brought an action against Defendants, TCP Water Solutions, Inc. ("TCP") and Wayne Beath ("Beath") for violation of the Illinois Trade Secrets Act, tortious interference with contract, tortious interference with prospective business advantage, and tortious interference with contract as to Keytech's customers. (R. 1.) It has also brought a breach-of-contract claim against Beath. (*Id.*) Specifically, Keytech alleges that TCP and Beath ("Defendants") "have acquired confidential and trade secret information of Keytech from former Keytech agents," "tortiously interfered with the Agent Agreements between Keytech and these individuals, and [have] used the ill-gotten information to wrongfully solicit and divert the business of several Keytech customers to TCP." (R. 59 at 1.)

Keytech has filed a motion to compel discovery responses from Defendants pursuant to Rule 37, to which Defendants object. (R. 47.) Keytech argues that TCP and Beath waived their objections by failing to respond to Keytech's discovery requests by the relevant deadline. (R. 48

at 4.) Keytech further argues that, even if it finds no waiver, the Court should still compel Defendants to produce documents responsive to Keytech's requests because, first, the sought information is relevant and, second, the agreed protective order takes care of any privacy concerns regarding confidential business information. (R. 59 at 3.)

For the reasons explained below, the Court grants Plaintiff's motion to compel.

## BACKGROUND

On August 5, 2010, Keytech filed a complaint alleging that Beath and his company, TCP, had violated the Illinois Trade Secrets Act, and had tortiously interfered with both contract and prospective business advantage with respect to Keytech's customers. (R. 1.) The complaint also alleged that Beath had breached his contract with Plaintiff. (*Id.*) Specifically, Keytech alleges that Defendants "have acquired confidential and trade secret information of Keytech from former Keytech agents," have "tortiously interfered with the Agent Agreements between Keytech and these individuals, and [have] used the ill-gotten information to wrongfully solicit and divert the business of several Keytech customers to TCP." (R. 59 at 1.)

Keytech subsequently served discovery requests on Defendants, and the parties agreed on a December 31, 2010 response deadline. (R. 48 at 2; R. 56 at 3.) On January 12, 2011, not having received the discovery responses, Keytech requested that Defendants provide the same by January 17, 2011, "to avoid [its] having to file a motion to compel." (R. 48-5 at 2.) Defendants replied the next day, stating that they expected to respond to the discovery requests by January 20, 2011. (R. 48 at 2; R. 56 at 3.) They failed to do so by January 20, which led Keytech to send yet another letter seeking responses to its discovery requests by January 31, "or [it] will be forced to file a motion to compel with the court and will seek [its] fees for doing so." (R. 48-7 at

2

2.)  The same day, Defendants responded that "[y]ou will have our discovery responses tomorrow.  Please hold off filing the motion to compel."  (R. 48-8 at 2.)  Defendants did not produce their responses the following day, but did so on February 3, 2011.  (R. 48-9; R. 48-10; R. 48-11; R. 48-12.)

On May 16, 2011, Keytech filed its motion to compel Defendants to respond to Interrogatory to TCP Nos. 5, 7, 12, and 13; to Interrogatory to Beath Nos. 5, 9, 14, and 15; to Request for Production to TCP Nos. 5, 6, 7, 13, 14, and 15; and to Request for Production to Beath Nos. 4, 7, 8, 9, 12, and 13 on May 16, 2011.  (R. 47 at 2.)[1]  Defendants object to each of these requests.  (R. 56.)

Interrogatory to TCP Nos. 12 and 13, Interrogatory to Beath Nos. 14 and 15, Request for Production to TCP Nos. 5, 6, 13, and 14, and Request for Production to Beath Nos. 7, 8, 12, and 13 request documents regarding communications, contracts, and payments between former Keytech agents and TCP and/or Beath.  (R. 48-1; R. 48-2, R. 48-3, R. 48-4.)  Defendants object to these requests on the basis that such information is "confidential" and includes trade secrets.  (R. 48-9 at 4; R. 48-10 at 4; R. 48-11 at 3, 5; R. 48-12 at 2-4; R. 56.)  Defendants also claim that the information that Keytech requests regarding TCP's sales and finances since April 2007 in Interrogatory to TCP No. 7, Interrogatory to Beath No. 9, Request for Production to TCP No. 7 and 16, and Request for Production to Beath No. 9 is confidential.  (R. 48-9 at 2; R. 48-10 at 3; R. 48-11 at 2-3, 5; R. 48-12 at 3.)  Interrogatory to TCP No. 5 and Interrogatory to Beath No. 5 request information regarding TCP's contact with Keytech's customers, which Defendants again

---

[1] Keytech's requests for responses to Interrogatory to TCP No. 11, Request for Production to TCP Nos. 4, 8, and 9, and Request for Production to Beath No. 6 are now moot. (R. 50.)

claim is confidential. (R. 48-9 at 3; R. 48-10 at 2.) Finally, Beath objects to Request for Production to Beath No. 4, claiming that the request is "overbroad, unduly burdensome and harassing." (R. 48-12 at 2.)

**LEGAL STANDARD**

The federal discovery rules are liberal in order to assist in the preparation for trial and settlement of litigated disputes. *See Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009); *see also Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) ("the scope of discovery should be broad in order to aid in the search for truth"). Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish*, 235 F.R.D. at 450. In the context of motions to compel, the Seventh Circuit instructs that a "district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Air Lines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). As with all discovery matters, district courts have broad discretion in determining motions to compel. *See Peals v. Terre Haute Police Dep't*, 535 F.2d 621, 629 (7th Cir. 2008).

**ANALYSIS**

**I. Defendants Have Not Waived Their Objections**

A party's failure to answer or object to interrogatories within 30 days of service may constitute a waiver of any objections that the party might have, which is a form of sanction for

4

failure to comply with the rules of discovery. *See Bd. of Educ. of Evanston Twp. High Sch. Dist. No. 22, Cook Cnty., IL, v. Admiral Heating & Ventilating, Inc.*, 104 F.R.D. 23, 27 (N.D. Ill. 1984). The Seventh Circuit has held that "a district court deciding whether to impose sanctions for discovery violations should consider: (1) the prejudice or surprise to the party against whom the evidence is being offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). The Court finds that Defendants have not waived their objections.

In the first place, waiver is a harsh sanction for a delay discovery. *See, e.g.*, *Bess v. Cate*, No. 07-CV-1989, 2008 WL 5100203, at *4 (N.D. Cal. Nov. 26, 2008). Keytech has not shown that Defendants' delay in responding to its discovery requests has prejudiced it. Indeed, Defendants have responded to Keytech's initial requests. *See, e.g.*, *Admiral Heating*, 104 F.R.D. at 28 (observing that, although "defendants' objections were made more than 30 days later, they all came in well before plaintiffs filed their motion to compel," and concluding that defendants had not waived their objections.).

Furthermore, fact discovery does not close until October 15, 2011 (R. 45), and so there is no apparent disruption to the litigation of this case. In addition, given the ongoing communication between the parties and the eventual production of discovery responses, there is insufficient evidence of bad faith or willfulness on the part of the Defendants to justify a finding that Defendants have waived their objections. *Accord Miller v. City of Plymouth*, No. 2:09–CV–205–JVB–PRC, 2011 WL 1740154 at *2 (N.D. Ind. 2011) ("[I]n light of the ongoing

correspondence between the parties from the time the discovery was served to the time the responses were served and filed, given that Plaintiffs waited three months to file the instant motion after receiving the untimely discovery, and in the interests of justice and consistent with the Court's preference for ruling on the merits, the Court finds that the delay in responding to the Motion to Strike was the result of excusable neglect and that Plaintiffs have not been prejudiced by the delay.")

According to the four factors set out by the Seventh Circuit in determining sanctions, therefore, Defendants have not waived their objections by failing to respond within 30 days of Keytech's discovery requests.

## II. The Court Grants Plaintiff's Motion to Compel, But Orders the Parties to File an Amended Protective Order

### A. Plaintiff's Motion to Compel is Well Founded

Defendants claim that the information Keytech requests regarding TCP's sales and finances since April 2007 is confidential. (R. 48-9 at 2; R. 48-10 at 3; R. 48-11 at 2-3, 5; R. 48-12 at 3.) They also maintain that the sought information concerning TCP's contact with Keytech's customers is confidential and involves trade secrets. (R. 48-9 at 3; R. 48-10 at 2; R-56.) They further object on the same ground to the document requests regarding communications, contracts, and payments between former Keytech agents and TCP and/or Beath. (R. 48-9 at 4; R. 48-10 at 4; R. 48-11 at 3, 5; R. 48-12 at 2-4.)

Illinois law provides that:

> 'Trade secret' means information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that: (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain

economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

765 Ill. Comp. Stat. Ann. 1065/2 (West 1988). Plaintiff's discovery requests seek "financial data," as the sought information involves sales and finance. (*See* R. 48-9 at 2; R. 48-10 at 3; R. 48-11 at 2-3, 5; R. 48-12 at 3.) Those requests also seek documents regarding communications, contracts, and payments between former Keytech agents and TCP and/or Beath, which involve "financial data" such as how much TCP pays its agents, as well as communications about TCP's business "processes" or customers. (*See* R. 48-9 at 4; R. 48-10 at 4; R. 48-11 at 3, 5; R. 48-12 at 2-4.) Plaintiff also seeks information regarding TCP's contact with Keytech's customers, which may constitute a "list of actual or potential customers." (*See* R. 48-9 at 3; R. 48-10 at 2.)

No doubt, Defendants' claim that the sought discovery is confidential is well founded. They plausibly maintain that this information "is not generally known or available to its competitors," (R. 56 at 5), and Keytech concedes that at least "some of the information sought in these requests will, in fact, consist of confidential and trade secret information. Such is the nature of discovery in trade secrets cases." (R. 59 at 5.) On the basis of this confidentiality, Defendants maintain that the Court should deny Plaintiff's motion to compel.

Yet, the sensitive nature of the information Keytech requests "cannot be enough in itself to justify Defendant's refusal to produce the responsive documents sought by the relevant requests." *JAB Distrib., L.L.C. v. London Luxury, L.L.C.*, No. 09-CV-5831, 2010 WL 4008193 at *3 (N.D. Ill. 2010). The information that Plaintiff seeks in its discovery requests is relevant to the present case, and Defendants do not suggest otherwise. In nevertheless arguing that the law does not entitle Keytech to its requested discovery, Defendants fail to cite any authority. (R. 56 at 4-7.) In fact, it is well settled that "[t]here is no absolute privilege to protect trade secrets from

7

disclosure during the discovery process." *In re Sealed Air Corp.*, 220 F.R.D. 452, 453 (D.S.C. 2004); *see also Iosello v. Lawrence*, No. 03-CV-987, 2004 WL 442609, at *1 (N.D. Ill. Mar. 5, 2004) ("[C]onfidential proprietary information is discoverable under most circumstances, because the Court can safeguard its confidentiality by entering a protective order."); *Feature Films Servs., Inc. v. Arts & Entm't Network Corp.*, No. 91-CV-459, 1991 WL 290677, at *1 (N.D. Ill. Jan. 13, 1991) ("The normal and expected reluctance of business firms to disclose sales information, however, is in itself an insufficient basis on which to deny discovery of that information under appropriate protection from divulgement to competitors."); *cf. Fieldturf Int'l, Inc. v. Triexe Mgmt. Grp., Inc.*, No. 03-CV-3512, 2004 WL 866494 (N.D. Ill. Apr. 16, 2004) ("The Court recognizes that disclosure of confidential financial information to [a] competitor may cause a party great harm. However, after balancing the confidentiality concerns of defendants against plaintiffs' need for access to the information, the Court finds that defendants' present financial information is discoverable on a[n] outside counsel "attorneys' eyes only" basis.") (internal citations omitted). Notably, this is not a case in which a litigating party seeks confidential information from a nonparty competitor. *Cf., e.g.*, *Mintel Int'l Grp., Ltd. v. Neerghen*, No. 08-CV-3939, 2009 WL 249227, at * (N.D. Ill. Feb. 3, 2009) ("Restrictions on discovery may be broader where a nonparty is the target of the discovery[.]") (quoting 10 A. Fed. Proc., L.Ed. § 26:273).

Defendants argue that the current protective order is insufficient to protect their interests. (R. 56 at 6.) Specifically, they claim that the "protective order would do nothing to protect TCP's confidential information from being divulged to Keytech, who, according to Keytech's Amended Complaint, is in direct competition with TCP." (*Id.*) The protective order to which all

parties agreed, however, provides on its very first page that "Keytech and Defendants believe that the prosecution and defense of this action may require the disclosure of confidential and trade secret information relating to Keytech and Defendants' customers and products[.]" (R. 54 at 1.) Given this language, Defendants' argument that the protective order does not protect their interests in their confidential information is surprising.

Nevertheless, the current protective order does not appear to include an attorneys' eyes only ("AEO") provision to apply to highly confidential information such as trade secrets. (R. 54.) The Court believes that such a provision is necessary to give "sufficient protection" to the parties' trade secrets during the discovery process. *See Motorola, Inc. v. Lemko Corp.*, No. 08-CV-5427, 2010 WL 2179170, at *4-5 (N.D. Ill. June 1, 2010); *Inter-Med., Inc. v. ASI Med., Inc.*, No. 09-CV-383, 2010 WL 2679992, at *1-3 (E.D. Wis. July 1, 2010); *Layne Christensen Co. v. Purolite Co.*, No. 09-2381, 2010 WL 3001744, at *5-6 (D. Kan. July 28, 2010); *In re Sealed Air Corp.*, 220 F.R.D. at 453-54. The Court therefore directs the parties to file an agreed amended protective order within 7 days that includes an AEO provision, which will apply to any documents that the parties produce that fall within this category. After the Court has approved the amended protective order, Defendants must produce the documents that are the subject of Keytech's requests.

**B.    Defendant Does Not Sufficiently Plead Undue Burden Claim**

Keytech's Request for Production to Beath, No. 4 requests that Beath produce "[a]ny and all of your expense statements, telephone records (home, work and mobile), calendars, date books, appointment books and personal digital assistants (PDAs) from April 2007 to the present." (R. 48-12 at 2.) Beath claims that this request is "overbroad, unduly burdensome and

harassing." (*Id.*)  This "boilerplate claim" does not state any facts that specify why the request constitutes an undue burden, nor does the Court find unduly burdensome a request that is relevant to the claim, limited to one individual's documents, and further limited to the relevant period of time.  *See Young v. Verizon's Bell Atlantic Cash Balance Plan*, No. 05 C 7314, 2007 WL 4277438, *5 (N.D. Ill. 2007) (quoting *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (E.D. Pa.1980) (holding that parties must go beyond stating that a request is "unduly burdensome" and instead specifically show how that request is "overly broad, burdensome or oppressive")).  Without more, Beath's objection fails.

## CONCLUSION

For the preceding reasons, the Court grants Plaintiff's motion to compel, directs the parties to submit an amended protective order within 7 days of this order, and orders Defendants to produce the relevant responses after the Court approves the amended order.

Dated: June 23, 2011

             **ENTERED**

             _____
             **AMY J. ST. EVE**
             **United States District Court Judge**